James Desban *v.* Emma Pickett.—M. Stiewell, Intervenor.

The lessor has a right of pledge on the movable effects of the lessee, which are found upon the proper-
ty leased, and may even seize them within fifteen days after they are taken away, *if they continue to
be the property of the lesssee,* and can be identified, for the payment of his rent.
.On a re-hearing—Whenever the provisions in the Code of Practice are contrary or repugnant to those
of the Civil Code, the latter shall be considered as repealed, and the former recognized as the law of
the case. 6 N. S. 93. But when laws *in pari materia* are to be interpreted, that construction is to be
preferred which will give effect to all their provisions, for the reason that the law does not favor
repeals by implication. 5. An. 122.
Article 288 of the Code of Practice may be incorporated into article 2679 of the Civil Code, and be con-
sistent and harmonious with its provisions.

APPEAL from the Third District Court of New Orleans, *Duvigneaud, J.
Whittaker' & Fellows,* for plaintiff and appellant.   *Collens & Wool-
ridge,* for intervenor.

Land, J.  The plaintiff, the lessor of the defendant, provisionally
seized certain household furniture, after its removal from the leased
premises, and after its sale to the intervenor, for the payment of rent
due him.

Judgment was rendered in favor of the intervenor, and the plaintiff has
appealed.

The evidence shows that the plaintiff was aware, that the furniture was
being removed and delivered to the intervenor, and although present,
neither asserted any privilege on the furniture, nor made any objection
to its removal and delivery.

The lessor has a right of pledge on the movable effects of the lessee,
which are found upon the property leased, and may even seize them
within fifteen days after they are taken away, if they continue to be the
property of the lessee, and can be identified, for the payment of his rent.
C. C. 2675, 2679.  But in this case, the furniture had ceased to be the
property of the defendant before the seizure was made; and the sale and
delivery of it to the intervenor extinguished the lessor's right of privi-
lege.  The right of seizure, after the removal, is made to depend on the
continued ownership of the lessee.

The evidence is insufficient to establish any fraud on the part of the
intervenor, in the purchase of the furniture.  The plaintiff had an oppor-
tunity of preserving his rights, but by his silence and non-action lost
them.

There is no error in the judgment of the lower court; the plaintiff was
not entitled to a personal judgment against the defendant, because there
was neither a personal citation served on her, nor answer filed by her.

It is, therefore, ordered, adjudged and decreed, that the judgment be
affirmed, with costs.

### Same Case—On a Re-hearing.

Land, J.  In this case, on the authority of Art. 2679 of the Civil Code,
we held, that the lessor's right of privilege for the payment of rent on
the movable effects of the lessee, was extinguished by the removal and
sale of the effects for a valuable consideration, although fifteen days be-

tween the removal by the lessee and the seizure by the lessor had not expired.

This article of the Civil Code reads as follows: "In the exercise of this right, the lessor may seize the objects which are subject to it, before the lessee takes them away, or within fifteen days after they are taken away, if they continue to be the property of the lessee, and can be identified."

The plaintiff's counsel, in his application for a re-hearing, has called our attention to article 288 of the Code of Practice, and insists that it conflicts with article 2679 of the Civil Code, and that the latter article is repealed by it.

Art. 288 of the Code of Practice is as follows:

"The lessor may seize, even in the hands of a third person, such furniture as was in the house leased, if the same has been removed by the lessee, provided he declare on oath that the same has been removed, without his consent, within fifteen days previous to his suit being brought."

These articles of the Codes are *in pari materia*, or upon the same subject matter, and must be construed with reference to each other. If they are wholly repugnant to and inconsistent with each other, article 288 of the Code of Practice must be recognized as the law of the case, for by the statute adopting the Code of Practice, it is provided, that whenever its provisions are contrary or repugnant to those of the Civil Code, the latter shall be considered as repealed. *Flowers* v. *Griffith*, 6 N. S. 93. But when laws *in pari materia* are to be interpreted, that construction is to be preferred which will give effect to all their provisions, for the reason that the law does not favor repeals by implication. *Succession of Hébert*, 5 Annual, 122.

The only question therefore for our determination is, whether the provisions contained in these articles of the Codes are inconsistent and irreconcilable with each other. There is no necessary inconsistency or repugnancy between them; for the provisions of article 288 of the Code of Practice may be incorporated into article 2679 of the Civil Code, and be consistent and harmonious with the provisions of the latter article. And if incorporated, would read as follows:

"In the exercise of this right, the lessor may seize the objects which are subject to it, before the lessee takes them away, or within fifteen days after they are taken away, if they continue to be the property of the lessee, and can be identified." "The lessor may seize, even in the hands of a third person, such furniture as was in the house leased, if the same has been removed by the lessee, provided he declare on oath that the same has been removed, without his consent, within fifteen days previous to his suit being brought."

And if thus incorporated, the general term "*third person*" would apply to depositaries, bailees, pledgees, and all other persons except purchasers of the effects removed by the lessee, and force and effect would be given to all the provisions of both articles—which could not be done if they were repugnant to and inconsistent with each other; for repugnant laws cannot co-exist and be executed without a disregard of both reason and justice.

The above construction of these articles is in harmony with the policy and doctrine of our laws in relation to the sale or transfer of personal effects, and the release and extinguishment of privileges on the same;

and is in pursuance of a well settled rule of interpretation, which is, "when laws *in pari materia* are to be interpreted, that construction is to be preferred which will give effect to all their provisions."

It is, therefore, ordered, adjudged and decreed, that our judgment heretofore pronounced in this case, remain undisturbed.

VOORHIES, J., absent.